JAMES SWAN & another *vs.* JAMES A. EASTERBROOKS.

A defendant, who, after entering in this court exceptions duly filed and allowed in the superior court of Suffolk, obtains a certificate of discharge in insolvency, may be allowed to waive his exceptions and plead it; and such certificate will be a bar to the action, and will discharge a bond given to dissolve an attachment therein.

ACTION OF CONTRACT on a promissory note, returnable at May term 1856 of the superior court of Suffolk. An attachment was made upon the writ, and dissolved by giving bond according to law. At March term 1857 a trial was had, a verdict returned for the plaintiff, and exceptions filed by the defendant, and allowed by the presiding judge. The exceptions, with the action, were entered in this court at November term 1857. Afterwards, the defendant applied to the court of insolvency for the benefit of the insolvent laws, and obtained a certificate of discharge on the 10th of June 1858. He then by leave of this court waived his exceptions, and pleaded his certificate of discharge. The plaintiffs replied, not contesting the validity of the discharge; but moved that, as the exceptions had been waived, the judgment of the superior court be affirmed. But *Hoar,* J. ruled that on the pleadings the defendant was entitled to judgment. The plaintiffs alleged exceptions.

*J. Field,* for the plaintiffs.

*T. L. Wakefield,* for the defendant, was stopped by the court.

BIGELOW, C. J. There being no objection to the validity of the defendant's discharge, and it having been duly pleaded, the debt due to the plaintiffs is thereby barred. It is an error to suppose that the plaintiffs have recovered a judgment against the defendant. The judgment of the superior court was vacated by the allowance of exceptions, which operated in the same manner as an appeal. When the exceptions were waived, it did not follow that the judgment below was to be affirmed. On the contrary, it then stood for such order as this

court might deem it proper to make; and by our well settled practice, the court will permit a defendant, under such circumstances, to plead his discharge in insolvency. *Lewis* v. *Shattuck*, 4 Gray, 572. *Gardner* v. *Way*, 8 Gray, 191. *Glazier* v. *Carpenter*, ante, 385.

The plaintiffs can claim no rights under the bond given by the defendant to dissolve the attachment made on the original writ in this case. The condition of the bond has never been broken, and cannot be, because the discharge being a bar to the suit, the plaintiffs can recover no judgment against the defendants. *Exceptions overruled.*